## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ROCKY L. HAWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:19-03025-CV-RK |
| | ) | |
| NEW PRIME, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER DENYING PRE-CERTIFICATION DISCOVERY WITHOUT PREJUDICE

Before the Court is Plaintiff's request to compel a response to his Interrogatory No. 3. The interrogatory seeks contact information for Defendant's "B-seat" truck drivers, who were allegedly underpaid in violation of the Fair Labor Standards Act ("FLSA"). During a discovery dispute telephone conference held on July 29, 2019, Plaintiff claimed to need this contact information so he can obtain additional declarations to support his motion for conditional class certification. Defendant argued that this information is not relevant and proportional to the needs of the case because (1) Plaintiff does not have a meritorious claim; (2) there are privacy concerns with disclosing employees' contact information; and (3) Plaintiff could potentially solicit potential class members to join the case. After the conference, Plaintiff filed his motion for conditional class certification. (Docs. 45-55.) Briefing on that motion is underway but not complete.

Some courts have allowed "limited" discovery of proposed class members' contact information at the FLSA pre-certification stage for the purpose of defining the proposed class, *e.g.*, *Hammond v. Lowe's Home Cntrs., Inc.*, 216 F.R.d 666, 671-73 & nn.18-25 (D. Kan. 2003), but other courts have denied this type of pre-certification discovery as premature, *e.g.*, *Crawford v. Dothan City Bd. of Educ.*, 214 F.R.D. 694, 695 (M.D. Ala. 2003). "Courts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification." *Jin Yun Zheng v. Good Fortune Supermarket Grp. (USA), Inc.*, No. 13-CV-60 ILG, 2013 WL 5132023, at *8 (E.D.N.Y. Sept. 12, 2013) (quotation marks and citation omitted).

Here, Plaintiff's counsel has assured the Court that he will not solicit potential class members to join this case and has even offered to draft a script of interview questions for the

Court's prior approval.  This approach, however noble, does not resolve the concern that Plaintiff's counsel may still discover new clients for future cases even though Plaintiff himself might not have a meritorious claim.  For this reason, the Court declines to compel the requested discovery at this time.

Plaintiff also argues that he needs contact information at this juncture because other courts have held that, in some cases, there must be more than one declaration to satisfy the "similarly situated" test of conditional certification.  *See Kafka v. The Melting Pot Rests., Inc.*, No. 4:17-cv-00683-HFS, Doc. 102 at 10 (W.D. Mo. Apr. 30, 2019) (requiring more than one declaration). However, Plaintiff's motion for conditional certification is already pending before this Court.  In the event the Court denies it because additional declarations are needed, Plaintiff may seek reconsideration of this issue.[1]  *See Stanislaw v. Erie Indem. Co.*, No. C.A. 07-1078 Erie, 2009 WL 426641, at *3 (W.D. Pa. Feb. 20, 2009) (denying conditional certification without prejudice to refiling after an opportunity for discovery).

It is not unusual for this Court to apply the two-step conditional-certification procedure used by other courts, which postpones the merits beyond the pre-certification stage.  *See Astarita v. Menard, Inc.*, No. 5:17-06151-CV-RK, Doc. 118 at 2-3 (W.D. Mo. Dec. 7, 2018). However, in this case, under these circumstances, the Court would entertain a request from Defendant that the Court address the merits of Plaintiff's claim by dispositive motion prior to ruling on the motion for conditional certification.[2]

Currently, the Court's Scheduling Order (which contains the schedule submitted jointly by the parties) does not include a schedule for dispositive motions.  (Doc. 28.)  The Court retains discretion, however, to assess the merits of the named plaintiff's claims before ruling on

---

[1] In the event a reconsideration motion is filed, the Court notes that Defendant's privacy concerns, although legitimate, would be outweighed by the needs of this case, given that the production may be treated as confidential under the Stipulated Protective Order.  (Doc. 33.)

[2] The Court would not look favorably on such a request, however, unless Defendant agrees to toll the statute of limitations for potential plaintiffs to opt in.  *See Brekke v. City of Blackduck*, 984 F. Supp. 1209, 1219 n.15 (D. Minn. 1997) (FLSA statute of limitations is waivable).  Unlike a run-of-the-mill class action under Rule 23 of the Federal Rules of Civil Procedure, class members in an FLSA collective action must affirmatively opt in to toll the statute of limitations.  This is why courts typically address whether to conditionally certify a class and send notice prior to addressing the merits.  *See, e.g., Geer v. Challenge Fin. Inv'rs Corp.*, No. 05-1109-JTM-DWB, 2006 WL 523201, at *1 (D. Kan. Mar. 3, 2006) (issuing notice prior to addressing a motion to dismiss because the statute of limitations was running).

conditional certification.  *See Astarita v. Menard, Inc.*, No. 5:17-06151-CV-RK, 2018 WL 5928061, at *1 (W.D. Mo. Nov. 13, 2018) (compelling arbitration as to one plaintiff before addressing conditional certification as to others); *Liebesman v. Competitor Grp.*, No. 4:14-CV-1653 RLW, 2016 WL 204461, at *4 (E.D. Mo. Jan. 15, 2016) (granting summary judgment on statute-of-limitations grounds and denying conditional certification as moot); *Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 467 (S.D.N.Y. 2008) (stating that a court may "postpone deciding the issue [of conditional certification] pending further discovery and motion practice" where a defendant shows that it is likely to succeed on the merits).

Accordingly, Plaintiff's request to compel a response to Interrogatory No. 3 is **DENIED without prejudice**.  Plaintiff may move for reconsideration of this denial upon the Court's ruling on the motion for conditional certification.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  September 12, 2019

3