**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| ROCKY L. HAWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:19-03025-CV-RK |
| | ) | |
| NEW PRIME, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER REGARDING CONDITIONAL CERTIFICATION NOTICE

Before the Court, in this action under the Fair Labor Standards Act ("FLSA"), is the parties' dispute about the procedure for providing notice to the proposed class. This Court previously granted Plaintiff's request to certify this case as a conditional action and ordered the parties to meet and confer on the proper form of a notice. (Doc. 84.) Per the Court's discovery dispute protocol, the parties advised the Court of their dispute and submitted dispute summaries to the Court prior to the hearing. Counsel for both parties appeared at the hearing by telephone on April 15, 2020, and upon the Court's request, the parties have submitted additional written arguments and authorities by email to chambers.

During the meet-and-confer process, the parties resolved most of their prior disagreements about the form of the proposed notice. (*See id.* at 18.) Two issues remain: (1) whether the notice should be sent by text message, email, regular mail, or some combination thereof; and (2) the length of the opt-in period. Plaintiff proposes the following notice procedure:

- Defendant would compile and disclose to Plaintiff the last known cell phone numbers, email addresses, and mailing addresses for all potential plaintiffs who fall within the class definition.

- An administrator would send notice by text message and email to proposed class.

- The proposed text message would not contain the entire Court-approved notice. Rather, it would contain a short-form notice and a weblink to the administrator's website, which would provide access to the full notice, the opt-in form, contact information, the Complaint, and the Court's conditional certification Order (Doc. 84).

- The text message would state as follows: "A COURT HAS AUTHORIZED THIS NOTICE: A lawsuit has been brought against New Prime for allegedly failing to properly pay 'B' seat or junior drivers minimum wages. You have been identified

- as a person potentially eligible to join this lawsuit. For information about this lawsuit and how it may affect your rights, please visit www.INSERT_URL."

- If any notice were returned as undeliverable for any potential plaintiff, the notice packet would then be sent by regular mail to that person's last known address.

- Potential plaintiffs would then be allowed to execute and submit opt-in forms electronically through the administrator's website or by email, fax, or mail.

- The opt-in period would be 90 days.

- Reminder texts and emails would be sent at the 60- and 30-day marks, and a reminder postcard would also be mailed 30 days before the close of the opt-in period.

Defendant opposes electronic notice entirely, whether by text or email, and argues that notice by regular mail is adequate. Defendant also suggests a 90-day opt-in period is appropriate if notice is given by mail but requests a 30-day opt-in period if electronic notice is authorized. Defendant suggests that notice by text message is improper because it would violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), because it could impose fees on the recipients, and because the short-form notice is inadequate and misleading.

After careful consideration of the parties' arguments, the Court authorizes notice by email with a 60-day opt-in period and a postcard reminder to be mailed 30 days before the close of the opt-in period.

This Court has discretion to facilitate the notice-giving process in a collective action to avoid later complications and to ensure that communications with potential class members are neutral, timely, accurate, and informative. *See Hoffmann-La Roche Inc. v. Sperling*, 493 US 165, 170-74 (1989). The Court is also mindful of the privacy interests of potential plaintiffs. Although it seems fairly debatable whether the TCPA would actually apply to Plaintiff's proposal of sending notice by text message, the privacy interests sought to be protected by the TCPA are relevant. Cell phones are "now such a pervasive and insistent part of daily life that the proverbial visitor from Mars might conclude they were an important feature of human anatomy." *Riley v. California*, 134 S. Ct. 2473, 2484 (2016). It is further apparent to the Court that receiving a text message—which is usually automatic—is more intrusive than receiving an email. However, because emails are typically *accessible* through modern cell phones, they should be more effective than regular mail at providing notice to the plaintiffs in this case—truck drivers who spend most of their time on the

2

road.  The Court is also cognizant of the COVID-19 pandemic and the potential strain a mass mailing could place on the U.S. Postal Service.

As for the opt-in period, the Court believes 60 days is an adequate amount of time to attempt notice by email and follow up by mail for any emails are returned as undeliverable.  The Court also believes a postcard mailing 30 days from the close of the opt-in period is an adequate reminder.

Accordingly, the Court **ORDERS** as follows:

1. The Court authorizes notice to be given by email.  For any messages returned as undeliverable, notice may be given by regular mail.
2. The Court further authorizes Plaintiff's proposed postcard notice, to be mailed 30 days before the close of the opt-in period.
3. The opt-in period shall be 60 days from the date notice is first delivered.
4. The Court directs the parties to submit a joint proposed notice consistent with this Order for the Court's approval by April 23, 2020.

**IT IS SO ORDERED.**

                                                s/ Roseann A. Ketchmark
                                                ROSEANN A. KETCHMARK, JUDGE
                                                UNITED STATES DISTRICT COURT

DATED:  April 16, 2020