**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| ROCKY L. HAWORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:19-03025-CV-RK |
| | ) |
| NEW PRIME, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY SETTLEMENT APPROVAL AND TRANSFER**

Before the Court is Plaintiff's unopposed motion for preliminary approval of settlement and to transfer this case to the United States District Court for the District of Massachusetts. (Doc. 100.) For the reasons stated in the motion (Doc. 101), in the suggestions in support thereof (Doc. 101), and during the hearing held before this Court on August 6, 2020 (Doc. 102, Minute Entry), and upon the good cause shown, the Court **ORDERS** as follows:

1. Plaintiff's motion (Doc. 100) is **GRANTED**, and the terms of the Settlement Agreement and Release of Claims ("Settlement Agreement") attached as Exhibit 1 to the motion (Doc. 100) are preliminarily approved as fair, reasonable, and adequate.

2. Solely for purposes of settlement, a Class is hereby certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure and pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), defined as follows:

> All similarly situated current and former "B" or "C" Seat Drivers who worked for New Prime from October 2, 2012 to May 8, 2020, except for the named plaintiffs in *Montgomery v. New Prime, Inc.*, C.D. Cal. Civil Action No. 8:17-cv-00321.

Excluded from the Class are any Class Members who timely and validly request exclusion from the Class pursuant to the Notice disseminated in accordance with this Order.

3. The Court provisionally, and only for the purposes of this settlement, finds that:

   (a) the Class Members consist of 26,476 individuals employed by Defendant as B/C seat drivers, and the requirement of numerosity is satisfied;

(b) the litigation and proposed settlement raise questions of law and fact common to the Class, and these common questions predominate over any questions affecting only individual Class Members;

(c) the claims of Rocky Haworth (the "Class Representative"), a former B/C seat driver employed by Defendant, are typical of the claims of the Class;

(d) in assisting with the litigation and negotiating and entering into the proposed settlement, the Class Representative and his counsel have fairly and adequately protected the interests of the Class, and will adequately represent the Class in connection with the proposed settlement; and

(e) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

4. Pursuant to Rule 23(c)(1)(B) and (g), the Court appoints the Class Representative and his counsel of record, the Crimmins Law Firm LLC, Hodes Law Firm, LLC, and Fair Work, P.C. to act on behalf of the Class in connection with the proposed settlement.

5. The Court further approves the Notice attached as Exhibits A through C to the Settlement Agreement for approval for distribution to the B/C Seat Class, and finds that the proposed notice process constitutes the best notice practicable under the circumstances and is in full compliance with the requirements of applicable law, including due process under the United States Constitution.

6. Pursuant to the parties' Settlement Agreement, the Court further finds that this case should be and hereby is **TRANSFERRED** to the United States District Court for the District of Massachusetts and consolidated with the case styled *Oliveira v New Prime, Inc.*, 1:15-cv-10603-PBS (D. Mass.), for the purposes of disseminating Notice, administering the settlement, handling any opt-outs or objectors and conducting a Final Fairness Hearing in accordance with the terms of the Settlement Agreement. Given that many of the Putative Class Members are members of both the *Haworth* and *Oliveira* matters, transferring this matter for purposes of settlement administration will decrease litigation costs, and further the interests of justice. The Court further notes that United States District Judge Patti B. Saris is willing to accept transfer of this action.

7. If the proposed settlement is not finally approved, or the settlement is terminated or fails to become effective in accordance with the terms of the Settlement Agreement, this settlement certification order shall be vacated without further order of the Court and without prejudice to the

right of any party to seek or oppose class certification. Thereafter, this case shall be transferred back to the United States District Court for the Western District of Missouri for further proceedings.

    **IT IS SO ORDERED**.

                                            s/ Roseann A. Ketchmark
                                            ROSEANN A. KETCHMARK, JUDGE
                                            UNITED STATES DISTRICT COURT

DATED: August 10, 2020